IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| TARA WHITT, | ) | |
| # 262993, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v | ) | Civil Action No. 2:09cv487-ID |
| | ) | (WO) |
| CYNTHIA S. WHEELER-WHITE, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a *pro se* petition for habeas corpus relief pursuant to 28 U.S.C. § 2254 filed on May 11, 2009, by state inmate Tara Whitt ("Whitt").[1] (Doc. No. 1.) By her petition, Whitt challenges matters related to a sentence for unlawful possession of a controlled substance that was imposed against her in 2008 by the Circuit Court for Elmore County, an Alabama trial court. Whitt asserts that she is entitled to credit against her sentence for time spent out on bond prior to trial and that she is also entitled to earn incentive good time credit on the split sentence she received.

The respondents filed an answer to Whitt's petition in which they argue, among other things, that the petition should be dismissed because Whitt has not exhausted her available

---

[1]Although Whitt's petition is date-stamped as "received" by this court on May 22, 2009, she signed the petition on May 11, 2009. Under the mailbox rule, a *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Whitt] signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

state court remedies for each of her claims.  (Doc. No. 5)  Whitt was allowed an opportunity to reply to the respondents' answer, and in so doing, she makes the cursory assertion that she has exhausted her state remedies.  (Doc. No. 9.)  However, a review of her federal habeas petition reveals that Whitt has not in fact not properly exhausted her state court remedies.

## DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State...."  28 U.S.C. § 2254(1)(b)(1)(A).  "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  Whitt contends that she is entitled to credit against her sentence for time spent out on bond prior to trial and that she is entitled to earn incentive good time credit on her split sentence.  Under Alabama law, a petition for a writ of habeas corpus filed in state court is the proper method by which to test whether the State has correctly calculated the time an inmate must serve in prison.  *Day v. State*, 879 So.2d 1206, 1207 (Ala. Crim. App. 2003); *see also Perkins v. State*, No. CR-06-1121, 2007 WL 3226810 at *1 (Ala. Crim. App. Nov. 2, 2007).  Notwithstanding her cursory statement in her reply to the respondents' answer that she has exhausted her state court remedies, Whitt indicates in her petition that she has not in fact exhausted her state court remedies.  Specifically, with respect to each of her claims, she expressly acknowledges

2

that she has not raised the issue through a post-conviction motion or petition for habeas corpus in a state trial court.  (*See* Doc. No. 1 at 6-12.)

This court does not deem it appropriate to rule on the merits of Whitt's claims without first requiring that she exhaust state court remedies.  *See* 28 U.S.C. § 2254(1)(b)(2). Consequently, the court concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Whitt can pursue her available state court remedies.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be dismissed without prejudice to afford Whitt an opportunity to exhaust all state court remedies available to her.  It is further

ORDERED that the parties shall file any objections to this Recommendation **on or before July 7, 2009.**  A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*,661 F.2d 1206 (11th Cir. 1981) (en banc).

Done this 23rd day of June, 2009.

    /s/Wallace Capel, Jr.
WALLACE CAPEL, JR.
UNITED STATES MAGISTRATE JUDGE